IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA MCGINNIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2449 |
| | § | |
| HARRIS COUNTY AND KLEIN | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Monica McGinnis sued Harris County, Texas and the Klein Independent School District in state court, asserting claims for trespass to land, civil conspiracy, and violations of her Fourth Amendment rights through 42 U.S.C. § 1983. She alleged that the defendants intentionally violated her rights and damaged her property when deputies from the Harris County Sheriff's Office executed a warrant and searched her home. (Docket Entry No. 8). Klein ISD timely removed under 28 U.S.C. §§ 1331 and 1446(a). (Docket Entry No. 1). Both defendants have now filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). (Docket Entries Nos. 10 &16). Ms. McGinnis filed her response to the defendants' motions over two weeks past the extended deadline she sought, and received, in her second motion for extension of time. (Docket Entry No. 21). Klein ISD opposes the late filing of Ms. McGinnis's response to the motions to dismiss. (Docket Entry No. 27). Without addressing the timeliness of the response, and instead considering the arguments it raises, the court grants both Harris County and Klein ISD's motions to dismiss. The reasons are set out below.

I.  **Background**

Ms. McGinnis lives with a minor child, F.W.P., in Houston, Texas. (Docket Entry No. 8, ¶ 9). F.W.P. attends elementary school in the Klein Independent School District. (*Id.*). On February 16, 2017, F.W.P.'s principal reported that a green, leafy substance had fallen from F.W.P.'s pocket. (*Id.*). Based on the principal's report, Jonathan Sandel, a Harris County Deputy Sheriff, drafted an affidavit requesting a search warrant for the McGinnis home. (*Id.* at ¶ 10). Based on the affidavit, a Harris County district judge issued a search warrant for the home. (*Id.*). Ms. McGinnis alleges that during their search, the Harris County Sheriff's deputies destroyed some of her personal property. They found no drugs or other evidence of criminal activity. (*Id.* at ¶ 11).

Ms. McGinnis now claims that Harris County, through the Sheriff's Office, entered the home without her permission; that Klein ISD, in conjunction with Harris County, conspired against Ms. McGinnis to commit the tort of trespass to land and to violate her Fourth Amendment Rights; and that Klein ISD, through its own police officers, communicated information to the Harris County Sheriff's Office that resulted in the unreasonable search and seizure of her personal property without probable cause. (*Id.* at ¶¶ 15, 18-20, 23-25).

In their motions to dismiss, Harris County and Klein ISD argue that governmental immunity bars Ms. McGinnis's state law tort claims. (Docket Entries Nos. 10 & 16). They also argue that her amended complaint does not plead sufficient facts to state a claim for her federal conspiracy and § 1983 claims. (Docket Entries Nos. 10 &16). At the hearing on these motions, Ms. McGinnis did not argue her state-law claims.

II. **Dismissal under Rule 12(b)(1): Subject-Matter Jurisdiction**

"[W]hen, as here, 'a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any

attack on the merits.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). This jurisdictional approach prevents courts from issuing advisory opinions. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 118 S. Ct. 1003, 140 L.Ed. 2d 210 (1998).

Harris County argues that, as a governmental unit, it is immune from suit for intentional torts, including trespass to land. "In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). While the Texas Tort Claims Act does waive governmental immunity for some tort claims, the Act does not waive immunity for most intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2); *Id.* § 101.001(3)(B) (including counties in the definition of "governmental units" for purposes of the Texas Tort Claims Act); *see also Hidalgo Cty. v. Dyer*, 538 S.W.3d 698, 704 (Tex. App.—Corpus Christi 2011, no pet.) ("Although Dyer attempts to characterize his trespass claim as a negligence claim, Dyer's petition alleges intentional conduct for which there is no waiver of immunity.").

In her pleading, Ms. McGinnis alleges that Harris County, through its Sheriff's Office, intentionally entered her property without her permission. (Docket Entry No. 8, ¶ 15). As a governmental unit, Harris County is immune from suit for intentional torts, including trespass to land. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2); *Dyer*, 538 S.W.3d at 704. Governmental immunity deprives this court of subject-matter jurisdiction under *Miranda*. 133 S.W.3d at 224. Harris County's motion to dismiss Ms. McGinnis's trespass-to-land claim under Rule 12(b)(1) is granted.

Ms. McGinnis's state-law civil conspiracy claim fares no better. Both Harris County and Klein ISD assert that they are immune from this claim as governmental units. (Docket Entries Nos. 10 & 16). Klein ISD, like Harris County, meets the definition of a governmental unit under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). Civil conspiracy, like trespass to land, is an intentional tort that governmental units cannot be held liable for under Texas law. *TCI West End, Inc. v. City of Dallas*, 274 S.W.3d 913, 921 (Tex. App.—Dallas 2008, no pet.) ("Assuming without deciding that a cause of action exists for a conspiracy to take claim, the Texas Tort Claims Act provides that sovereign immunity exists for intentional torts, such as conspiracy."). Because Klein ISD and Harris County are immune from civil conspiracy suits, this court has no jurisdiction to hear this claim. *Miranda*, 133 S.W.3d at 224. Klein ISD and Harris County's motion to dismiss Ms. McGinnis's state-law civil conspiracy claim under Rule 12(b)(1) is granted.

## III. Dismissal under Rule 12(b)(6): Failure to State a Claim

Klein ISD and Harris County further assert that Ms. McGinnis fails to state a claim for federal civil conspiracy and violation of her Fourth Amendment rights. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Claims may be dismissed under Rule 12(b)(6) if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

A court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice for factual pleading insufficiency, unless doing so would be futile. *See Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) ("[Rule 15(a) ] evinces a bias in favor of granting leave to amend.") (quotation omitted). McGinnis has already amended once.

"On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings, including attachments." *Brand Cupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.ed 631, 635 (5th Cir. 2014) (quotation omitted); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a motion to dismiss are "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

The defendants argue that McGinnis failed to plead facts that state a plausible claim for federal civil conspiracy to violate her equal protection rights. 42 U.S.C. § 1985(3); *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). "'To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 389 (5th Cir. 2017) (quoting *Lockett*,

5

607 F.3d at 1002). To plead a deprivation of equal protection under the law, the plaintiff must plead sufficient facts to show that "some racial, or … class-based, invidiously discriminatory animus" led to the challenged action. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L.Ed. 2d 338 (1971); *see also Bryant v. Military Dep't.*, 597 F.3d 678, 687 (5th Cir. 2010) (discussing this requirement in the context of § 1985(2)).

Ms. McGinnis has failed to plead facts that show she was deprived of equal protection based on racial or class-based animus. She simply states in her pleading that "Defendants conspired against [her] to commit a tort, namely trespass to land[,] and to violate plaintiff's 4th Amendment [r]ight against unreasonable searches and seizures." (Docket Entry No. 8, ¶ 20). The pleading makes no reference to any racial or class-based animus on the part of Klein ISD or Harris County. This conclusory language, with no facts alleged, does not assert a claim under § 1985(3). The Defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6) are granted.

The defendants also argue that Ms. McGinnis has failed to state a claim under § 1983. To state a claim under § 1983, a plaintiff must allege a violation of the Constitution or federal law. 42 U.S.C. § 1983. To state a claim for liability against a local governmental unit, a plaintiff must allege facts showing that the claim is "based upon the implementation or execution of a policy or custom which was officially adopted by that body's officer." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978). "The description of the policy or custom and its relationship to the underlying constitutional violation must be more than conclusory." *Pagan–Negron v. Sequin Indep. Sch. Dist.*, 974 F. Supp. 2d 1020, 1032 (W.D. Tex. 2013) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

Ms. McGinnis admits that her home was searched under a search warrant issued by a Harris County District Judge. (Docket Entry No. 8, ¶ 10). The Harris County Sheriff's Office had probable cause to search the home. *See Muehler v. Mena*, 544 U.S. 93, 98 (2005) ("[T]he presence of a warrant assures that a neutral magistrate has determined that probable cause exists to search the home."). Ms. McGinnis alleges that the "Defendants engaged in an unreasonable search and seizure when [they] searched Plaintiff's home without probable cause." (Docket Entry No. 8, ¶ 24). Ms. McGinnis pleads no facts that could show the absence of probable cause or other basis for a Fourth Amendment violation, given the search warrant. The Defendants' motions to dismiss for failure to state a valid § 1983 claim under Rule 12(b)(6) is granted.

## IV. Conclusion

Klein ISD and Harris County's motions to dismiss are granted. Because all of Ms. McGinnis's claims are dismissed, and further amendment would be futile, final judgment is separately entered.[1]

---

[1] Both parties also claim that Ms. McGinnis failed to effect timely service. Klein ISD claims that McGinnis took four months to serve it after the original complaint was filed in Harris County District Court. (Docket Entry No. 10, ¶ 17). Harris County similarly alleges that McGinnis served it 116 days after she filed her lawsuit. (Docket Entry No. 16, ¶ 8).
　　In her response to the motions to dismiss, Ms. McGinnis argues, without any citation to authority, that the statute of limitations for her claims began to run on February 1, 2018, when she found out that Harris County intended to press no criminal charges as a result of the search. (Docket Entry No. 23, ¶ 10). But under the discovery rule, the statute of limitations on Ms. McGinnis's state law claims and her federal § 1983 claim begin to run from the time she learns of the wrongful injury. *See Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 311 (5th Cir. 2019) ("In Texas, '[c]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy.'") (quoting *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011)); *Moon v. City of El Paso*, 906 F.3d 352, 358 (5th Cir. 2018) ("Because this claim is brought under § 1983 . . . the critical inquiry for accrual is 'when the plaintiff knows or has reason to know of the inquiry which is the basis of the action.'") (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). The validity of a search is not dependent on whether anyone is charged with a crime as a result of the search, but on whether the search was valid on its face. Because the tolling theory Ms. McGinnis relies on is without legal basis, her claim accrued the day the Harris County Sheriff's Office executed the search warrant, February 18, 2017. (Docket Entry No. 8 ¶¶ 10–11); *see Humphreys. v. City of Ganado*, 467 Fed. App'x 252, 255 (5th Cir. 2012) (the plaintiff became aware of his injury for unreasonable search and seizure "on the day that those injuries occurred"). Ms. McGinnis filed her claim the day the statutes of limitations on her claim would have expired—February 18, 2019. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (two-year statute of limitations for trespass to land); *Agar Corp. v.. Electro Circuits Int'l*, 580 S.W.3d 136, 142–143 (Tex. 2019) (a state-law civil conspiracy claim is governed by the same statues of limitations as the underlying tort).

SIGNED on November 6, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

Rather than argue about tolling, Klein ISD argues that even if the statute of limitations expired, Ms. McGinnis could have still served the defendants under Texas law had she been diligent. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) ("If a party files its petition within the limitations period, service outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant."). "The measure of diligence begins from the time suit is filed and an explanation is needed for every period of delay, not just from the expiration of the statute of limitations." *Budget Rent A Car Sys. v. Valadez*, 558 S.W.3d 304, 307 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In her response, Ms. McGinnis has failed to explain the delay in serving defendants. Instead, she claims the statute of limitations was tolled until almost a year after the search. McGinnis likely did not diligently seek to serve defendants. *See id.* 307–08 (finding that plaintiff did not attempt to diligently affect service outside the limitations period when plaintiff served the defendant after a thirty-two-day unexplained delay). The timeliness of service is an added ground to dismiss.